IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARL B. MANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-399-SLR |
| | ) |
| LIEUTENANT TRUMAN MEARS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of July, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff may proceed against Sharon Mears and Lauro B. Diaz, Jr. on excessive force claims; the remaining claims, including the claims against Phelps and T. Mears, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for the reasons that follow:

1. **Background.** Plaintiff Karl B. Manuel ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. § 1983 alleging excessive force, the issuance of false disciplinary reports, and the inability to participate in rehabilitative programs.[1] (D.I. 3)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

3

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. On March 3, 2010, plaintiff was sentenced to six years, ten months, suspended for successful completion of the substance abuse Key Program. He was housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. While at the SCI, plaintiff used crutches and wore a neck brace. He alleges that on March 16, 2010, defendant C/O Lauro B. Diaz, Jr. ("Diaz") called medical and made a request to take the crutches from plaintiff. Twenty minutes later, Diaz capstunned plaintiff.

7. Plaintiff further alleges that on March 21, 2010, he was assaulted by staff. This occurred following an altercation plaintiff had with C/O Burton.[3] Defendant Sgt. Sharon Mears ("S. Mears") told plaintiff that he was going to the administrative detention area and to place his hands behind his back for handcuffing. Plaintiff was cuffed and ordered to sit down. He complied with the order and sat down but then stood up because the handcuffs were tight. Next, he left the area to speak to C/O Clay[3] to explain what had happened and S. Mears, who came running from the building, capstunned him.

8. Plaintiff was found guilty of assault on staff, disobeying and threatening behavior and sent to the detention area. While housed there, plaintiff claims that he was constantly provoked and written-up some six to nine times by defendant Lt.

---

[3]Burton is not a named defendant.

[3]Clay is not a named defendant.

Truman Mears ("T. Mears"). T. Mears is the spouse of S. Mears. Plaintiff alleges that T. Mears wrote fictitious, bogus, fabricated write-ups. He was found guilty and given a consecutive, additional ninety-day sanction. Because of the increase in plaintiff's classification status points, he was transferred to the VCC and housed in the Security Housing Unit ("SHU"). Plaintiff has been told that he will remain there for two years. Plaintiff alleges that he has been wrongfully placed in SHU and this, in turn, has "stagnated" his forward progress to re-enter society.[4] Plaintiff seeks release from SHU, as well as compensatory damages.

9. **Personal involvement/respondeat superior.** Although plaintiff has named Phelps as a defendant, he is not mentioned in any of the allegations. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Even when reading the complaint in the most favorable light to plaintiff, it fails to state an actionable constitutional claim against Phelps.

10. **False disciplinary report.** Plaintiff's claim that T. Mears' submitted several false disciplinary charges that resulted in related disciplinary sanctions, without more, does not violate plaintiff's constitutional rights under the Due Process Clause. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, plaintiff's due

---

[4]Plaintiff cannot state a constitutional claim to the extent he alleges that he is unable to complete a substance abuse program. Prisoners have no constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006); *Abdul-Akbar v. Department of Corr.*, 910 F.Supp. 986, 1002 (D. Del.1995); *see also Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978).

process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." *Id.* Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Sandin*, 515 U.S. at 480 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

11. Reclassification to a higher security level "falls within the expected parameters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485; *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for fifteen months did not impose an atypical and significant hardship on prisoner). Here, plaintiff's transfer to SHU, even if the result of alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.

12. **Conclusion.** For the above reasons, the court concludes that plaintiff has alleged what appear to be cognizable and non-frivolous excessive force claims against S. Mears and Diaz and he will be allowed to proceed against them. All remaining claims, including the claims against Phelps and T. Mears are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court original "U.S. Marshal-285" forms for **remaining defendants Sharon Mears and Lauro B. Diaz, Jr., as well as for the Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 3) for service upon remaining defendants and the attorney general. Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m)**.

3. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response

to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

5. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE