IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARL B. MANUEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 12-399-SLR ) |
| LIEUTENANT TRUMAN MEARS, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of October, 2012, having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and plaintiff may proceed against Sharon Mears and Lauro B. Diaz, Jr. on excessive force claims as outlined in the July 5, 2012 memorandum order, for the reasons that follow:

1. **Background.** Plaintiff Karl B. Manuel ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this case pursuant to 42 U.S.C. § 1983 alleging excessive force, the issuance of false disciplinary reports, and the inability to participate in rehabilitative programs.[1] (D.I. 3) The court screened the original complaint, dismissed the claims against Warden Perry Phelps ("Phelps") and Truman Mears ("T. Mears"), and allowed plaintiff to proceed on excessive force claims against

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Sharon Mears ("S. Mears") and Lauro B. Diaz, Jr. ("Diaz"). (See D.I. 9) On August 6, 2012, plaintiff filed a motion to amend complaint, construed by the court as an amended complaint. (D.I. 10) The amended complaint reinstates Phelps and T. Mears and adds retaliation and conspiracy claims.

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995)

2

(holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff

3

has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The court's memorandum order of July 5, 2012 sets forth the facts as alleged in the original complaint. The amended complaint reiterates many of the same allegations as those in the original complaint but includes two new claims: retaliation and conspiracy. Plaintiff's main complaint is that he was transferred to a more secure housing unit after being found guilty of staff assault, which in turn affected his ability to participate in court ordered rehabilitative programs. Plaintiff alleges that he has written Phelps, but Phelps has done nothing to rectify plaintiff's status such as investigating the matter or holding an emergency classification hearing.

7. Plaintiff claims retaliation occurred when, after he filed a grievance following his injury while on a work assignment at the SVOP, he was confronted by Cpl Mears. (D.I. 10 at 4) He alleges a second occurrence of retaliation after he filed *Manuel v. Atkins*, Civ. No. 10-962-SLR, which is currently pending in this court. In addition, plaintiff alleges a "conspiratorial connection" because T. Mears is the spouse of

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

S. Mears and both are related to Cpl. Mears. T. Mears found plaintiff guilty during disciplinary hearings in all but one instance. The findings, in turn, caused an increase in plaintiff's classification points. Because of the increase in plaintiff's classification points, he was transferred to the VCC and housed in the Security Housing Unit ("SHU").

8. **Personal involvement.** Plaintiff alleges that, following his complaints, Phelps failed to investigate and change plaintiff's classification. Participation in the after-the-fact review of a letter is not enough to establish personal involvement. See, e.g., Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). See also Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir.1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim). Even when reading the amended complaint in the most favorable light to plaintiff, it fails to state an actionable constitutional claim against Phelps.

9. **Retaliation.** Plaintiff claims that retaliation occurred after he submitted a grievance and after he filed a lawsuit. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. See Crawford-El v. Britton, 523 U.S. 574, 592 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that plaintiff demonstrate (1)

5

he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Anderson v. Davila*, 125 F.3d 148, 160-61 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); see also *Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted).

10. Applying the retaliation standard and liberally construing the amended complaint, plaintiff has failed to state a claim of retaliation for his exercise of a First Amendment right. At most, he alleges that he engaged in protected activity; nothing more. Accordingly, the court will dismiss the retaliation claim as frivolous.

11. **Conspiracy**. Plaintiff alleges a conspiracy based upon the familial relationship of the Mears'. To state a conspiracy claim under § 1983, plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N .E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000). A § 1983 conspiracy claim only arises when there has been an actual deprivation of a right. *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); see also *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990); *Perano v. Township of Tilden*, 423 F. App'x 234 (3d Cir. 2011) (not published).

12. Plaintiff's claim of a conspiracy consists of legal conclusions. Moreover, other than to allege that the Mears are related, the claim fails to allege act taken in concert by the Mears with the specific intent to violate plaintiff's constitutional rights. Plaintiff has failed to state a § 1983 conspiracy claim. Therefore, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

13. **Conclusion.** For the above reasons, the court dismisses the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The case will proceed on the original complaint and its excessive force claims against S. Mears and Diaz as outlined in the court's July 5, 2012 memorandum order.

                                             *[signature]*
UNITED STATES DISTRICT JUDGE