IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARL B. MANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-399-SLR |
| | ) |
| SHARON MEARS, et al., | ) |
| | ) |
| Defendants. | ) |

Karl B. Manuel, Wilmington, Delaware, pro se/plaintiff.

Joseph C. Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Defendants.

**MEMORANDUM OPINION**

Dated: May 29, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Karl B. Manuel, a prisoner proceeding pro se, filed a civil complaint against Sergeant Sharon Mears ("Sergeant Mears") and corrections officer Lauro B. Diaz, Jr. ("officer Diaz") (collectively, "defendants")[1] on March 29, 2012, alleging excessive force claims in violation of his Eighth Amendment and Fourteenth Amendment rights. (D.I. 3) The court granted plaintiff's motion to proceed in forma pauperis on April 18, 2012, and the plaintiff subsequently returned the requisite payment authorization on April 26, 2012. (D.I. 7; D.I. 8) Currently before the court is defendants' motion to dismiss.[2] (D.I. 14) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Plaintiff is a prisoner in the James T. Vaughn Correctional Center ("JTVCC") who alleges violation of his Eighth Amendment and Fourteenth Amendment rights in two separate incidents occurring on March 16, 2010 and March 21, 2010. (D.I. 3 at 3) In the March 16, 2010 incident, plaintiff had been using crutches and wearing a neck brace from previous injuries. (Id.) Officer Diaz witnessed plaintiff using both the crutches and the neck brace and allegedly requested that the nursing station remove plaintiff's crutches. (Id.) Twenty minutes later, Diaz himself allegedly confronted and cap stunned plaintiff. (Id.)

---

[1] As of July 5, 2012, claims against Truman Mears and Perry Phelps have been dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(8)(ii) and § 1915A(b)(1). (D.I. 9)

[2] Defendants styled their motion as one for summary judgment. The motion was filed on October 8, 2012 in lieu of an answer, which would have been due October 9, 2012. (D.I. 14) As such, the court will treat the motion as a motion to dismiss pursuant to Rule 12(b)(6).

At the time of the March 21, 2010 incident, plaintiff had just been moved to a new compound and, therefore, had only been issued a single set of clothing. (Id. at 4) While he was preparing for dinner that evening, plaintiff recognized that he needed more clothing. (Id.) His dinner consisted of soup, which he carried with him as he proceeded to the chow hall to fill out a written clothing request. (Id.) When plaintiff arrived in the chow hall, he looked into the box where the forms should have been and discovered that the box was empty. (Id. at 5) Corrections officer Clay ("Clay") noticed plaintiff and asked him to stay there while Clay went into another building to procure more forms. (Id.)

While Clay was obtaining those forms, corrections officer Burton ("Burton") arrived and allegedly began to yell at plaintiff, demanding that plaintiff give him the soup. (Id.) When plaintiff did not comply, Burton allegedly walked up to plaintiff, took out his mace can and shook it at him, causing a scene and a response from nearby corrections officers. (Id.) Plaintiff claims that he then began to shake uncontrollably from fear. (Id.) Sergeant Mears came out of her office just as Burton successfully took the soup from plaintiff. (Id.) Mears asked plaintiff to take a seat and, as she attempted to ascertain what had transpired, Burton allegedly stood behind her taunting plaintiff. (Id.) Plaintiff eventually rose to his feet and told Burton he was a "f-ing joke and a coward that needed to grow up." (Id.)

Mears allegedly instructed plaintiff that he would be going to the Administrative Segregation Detention Area ("ASDA"), and asked him to place his hands behind his back and to consent to being cuffed. (Id.) Plaintiff was subsequently cuffed and exited the building, encountering Clay in the process. (Id.) Mears supposedly ran out of the

2

building and cap stunned plaintiff. (*Id.* at 6) Plaintiff was taken to the ASDA and found guilty of assault on staff, disobeying, and threatening behavior. (*Id.*) While in ASDA, plaintiff contends that he suffered from continuous beatings as well as write-ups from Lieutenant Truman Mears, Mears' husband. (*Id.*) He was also given additional consecutive 90-day sentences each time his points would rise. (*Id.*)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of

3

the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

A complaint may be dismissed on statutory limitations grounds for failure to state a claim for which relief can be granted when it is facially clear both that the complaint was filed after the statute of limitations had run and that the defendants raised the affirmative defense in the motion to dismiss. *See Oshiver*, 38 F.3d at 1385 n. 1 (3d Cir. 1994) (stating that while the pleading standard under Rule 8(c) does not typically allow statute of limitations defense in a Rule 12(b)(6) motion to dismiss, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"). The statute of limitations begins to run when the plaintiff knew or should have known about the injury in question. *See Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991)).

In an excessive force claim, it is apparent that the plaintiff knows or should have known about the injury at the same time that it occurred. *See id.* at 606. The Delaware statute of limitations on personal injury cases applies here because plaintiff's claims arise out of 42 U.S.C. § 1983. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (stating that the most analogous law to apply for § 1983 claims is the state's statute of

4

limitations for personal injury suits). In Delaware the statute of limitations for personal injury suits is two years from the date on which the alleged injuries were sustained. 10 Del. C. § 8119.

The court can consider two additional factors in prisoner statute of limitations cases: whether equitable tolling is appropriate and whether applying the prisoner mailbox rule would make the filing date timely. The Third Circuit has identified three situations in which equitable tolling may be used: "1) where a defendant actively misleads a plaintiff with respect to [the] cause of action; 2) where the plaintiff has been prevented from asserting [the] claim as a result of other extraordinary circumstances; or 3) where the plaintiff asserts [the] claims in a timely manner but has done so in the wrong forum." *Dickens v. Taylor*, 671 F. Supp. 2d 542, 547 (D. Del. 2009) (citing *Luke v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000)). The court also applies the "mailbox rule" with respect to the filing date, which means that it gives a prisoner the earliest possible filing date based on date of delivery to the prison. See *Smith v. Carroll*, 602 F.Supp.2d 521, 527 n.7 (D. Del. 2009) (applying the mailbox rule to a prisoner's filing date for a 42 U.S.C. § 1983 claim).

Defendants here assert that plaintiff filed his complaint after the statute of limitations had run for both the March 16, 2010 incident and the March 21, 2010 incident. (D.I. 14 at 2) They state that plaintiff should have known about these incidents at the time of occurrence and that the mailbox rule does not bring plaintiff's claims within the statute of limitations. (*Id.* at 2, 3) Defendants support their assertion with an affidavit from the Support Services Officer Carol Powell certifying that an

5

attached copy of the mail log is accurate. (*Id.* at 3, ex. A) The mail log shows that the complaint for this case was delivered to the JTVCC mail room on March 28, 2012. (*Id.*, ex. A). Applying the mailbox rule, the earliest possible filing date would thus be March 28, 2012. See *Smith*, 602 F. Supp. 2d at 527 n.7. Since plaintiff alleges two incidents of excessive force on March 16, 2010 and on March 21, 2010, the statute of limitations began running on those dates, which are more than two years before March 28, 2012. See *Large*, 307 F. App'x at 606. Plaintiff's response to the motion to dismiss only attached previous orders that the court issued in this case, which screened out his frivolous claims. (D.I. 16, ex. A) These orders did not address whether the statute of limitations had lapsed, nor was this issue raised. Therefore, plaintiff's § 1983 claims are time-barred.[3]

## V. CONCLUSION

For the foregoing reasons, the court grants defendants' Rule 12(b)(6) motion to dismiss. An appropriate order shall issue.

---

[3] Plaintiff's claims also do not fall under any of the exceptions listed in the Third Circuit's application of the equitable tolling doctrine and the doctrine itself is generally used sparingly. See *Taylor*, 671 F.Supp.2d at 547 (citation omitted) (discussing applicability of the equitable tolling doctrine only to suits where the state statute of limitations frustrates federal policy).